UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DIANA SOMERVILLE-EARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   5:24-cv-01508-HNJ |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| COMMUNITY AND ECONOMIC ) | |
| AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Diana Somerville-Earley, proceeding *pro se*, filed a Complaint against the Alabama Department of Community and Economic Affairs (ADCEA) and its Executive Director, Kenneth Boswell, and the Community Action Association of Alabama (CAAA) and its Executive Directors, Tim Thrasher and Carrie Lea, and its Chief Executive Officer, Luke Laney. Somerville-Earley asserts Defendants violated the Fourteenth Amendment to the United States Constitution (equal protection), 18 U.S.C. § 242 (criminal civil rights violations), 42 U.S.C. § 12131(2) (disability discrimination), 18 U.S.C. § 666 (theft or bribery concerning programs receiving federal funds), 47 U.S.C. § 223(a) (obscene or harassing telephone calls), 42 U.S.C. § 1320d-6 (Health Insurance Portability and Accountability Act (HIPAA) – wrongful disclosure

of personal health information),[1] 29 U.S.C. § 794 (Rehabilitation Act – discrimination on the basis of disability under federal grants and programs), 42 U.S.C. § 8625 (discrimination in programs or activities receiving federal funds), 5 U.S.C. § 552 (Freedom of Information Act (FOIA)), and 18 U.S.C. § 371 (conspiracy). All claims arise from Defendants' denial of Somerville-Earley's applications to the State of Alabama's Low-Income Home Energy Assistance Program (LIHEAP) and Weatherization Assistance Program (WAP). (Doc. 1).

Somerville-Earley also filed a motion for leave to proceed *in forma pauperis* and for appointment of an attorney. (Doc. 2). The court **GRANTS** Somerville-Earley's motion to proceed *in forma pauperis* but **DENIES** her motion for appointment of an attorney. The court reviewed Somerville-Earley's Complaint pursuant to 28 U.S.C. § 1915, which provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \* \* \*
>
> (B) the action or appeal--
>   (i) is frivolous or malicious; [or]
>   (ii) fails to state a claim on which relief may be granted; . . . .

---

[1] Somerville-Earley's Complaint cites 42 U.S.C. § 1320, but that provision requires the Secretary or Deputy Secretary of Health and Human Services to approve funding for experimental projects and does not relate to Somerville-Earley's claims. *See* 42 U.S.C. §1320. The court presumes Somerville-Earley intended to refer more specifically to 42 U.S.C. 1320d-6, as her Complaint references "obtaining or misusing protected health information (PHI) under false pretenses."

2

When conducting the afore-cited review, complaints by *pro se* litigants endure a less stringent standard than pleadings drafted by attorneys and benefit from a liberal construction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Some of the statutory provisions Somerville-Earley invokes do not provide a viable basis for relief.

Titles 47 U.S.C. § 223 and 18 U.S.C. §§ 242, 371, and 666 describe criminal offenses. They do not provide a private right of action to a plaintiff in a civil proceeding. *See Doe v. Egea*, No. 15-20219-CIV, 2015 WL 3917112, at *2 (S.D. Fla. June 25, 2015) (no private right of action under 47 U.S.C. § 223); *Moni v. Volusia Cnty., Corp.*, 717 F. App'x 976, 977 (11th Cir. 2018) (no private right of action under 18 U.S.C. § 242); *Kemp v. Place All. L.L.C.*, No. 6:22-CV-262-PGB-LHP, 2022 WL 3136895, at *3 (M.D. Fla. June 15, 2022), *report and recommendation adopted,* No. 6:22-CV-262-PGB-LHP, 2022 WL 3136884 (M.D. Fla. July 11, 2022) (no private right of action under 18 U.S.C. § 371); *Bush v. Frazier*, No. 2:18-CV-00732-SGC, 2019 WL 3305145, at *9 (N.D. Ala. July 23, 2019) (no private right of action under 18 U.S.C. § 666).

Only the Secretary of Health and Human Services may enforce HIPAA's privacy provisions; a private party may not maintain a civil action for violations of the statute. *Brown v. Columbus Police Dep't*, No. 23-11896, 2024 WL 3451862, at *3 (11th Cir. July 18, 2024) (citing 42 U.S.C. § 1320d-5(a)(1); *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)) ("HIPAA is to be enforced by the Secretary of Health and Human Services, and Congress has not created a private right of action to enforce it.").

Only the Attorney General of the United States may bring a civil action for violations of 42 U.S.C. § 8625. *See* 42 U.S.C. § 8625(c) ("When a matter is referred to the Attorney General pursuant to subsection (b), or whenever he has reason to believe that the State is engaged in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including injunctive relief."); *Marian v. Socorro Elec. Co-op. (SEC) of New Mexico*, No. 11-CV-970 RB/WDS, 2011 WL 12226153, at *3 (D.N.M. Nov. 29, 2011), *aff'd*, 466 F. App'x 756 (10th Cir. 2012) ("[T]here appears to be no private right of action under" § 8625.).

Somerville-Earley asserts Defendants violated FOIA when it refused to provide information about how many priority points her account included. (Doc. 1, at 11). Unlike some of the other statutes cited, FOIA provides a private right of action. 5 U.S.C. §§ 552(a)(4)(B), 552a(g). However, such an action may proceed only against a federal agency, as the statute "exempts state agencies from its coverage." *Blankenship*

4

*v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005). Furthermore, a state agency's receipt of federal funding does not subject it to a FOIA suit. *See Needham v. Butler Cnty. Jail*, No. 1:19-CV-927, 2020 WL 3528654, at *2 (S.D. Ohio June 30, 2020) (citing *Gueye v. Bishop*, No. 1:14-cv-353, 2015 WL 5996387, at *5 (S.D. Ohio Oct. 15, 2015)) ("That local agencies may be subject to federal regulation, or may receive federal funds, does not transform them into *federal* agencies.") (emphasis in original); *Mabie v. United States Marshal's Serv.*, No. 18-CV-1276-JPG-SCW, 2018 WL 4401752, at *1 (S.D. Ill. Sept. 14, 2018) (citing *Forsham v. Harris*, 445 U.S. 169, 170, 180 (1980)) ("[S]imply receiving funds from or working with the federal government does not convert an entity into a federal agency for purposes of the FOIA."); *Byvalets v. New York City Hous. Auth.*, No. 16-CV-6785 (CBA), 2017 WL 7793638, at *6 (E.D.N.Y. July 28, 2017), *report and recommendation adopted,* No. 16-CV-6785-CBA-RLM, 2018 WL 1067732 (E.D.N.Y. Feb. 23, 2018) ("Nor does the complaint state a FOIA claim, because that statute does not apply to municipal agencies, like NYCHA, regardless of whether they . . . receive federal funding.").

However, two of Somerville-Earley's claims may present viable bases for relief with additional factual detail. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citations omitted) ("'Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'").

Title 42 U.S.C. § 12131(2) merely presents the definition of a "qualified individual with a disability" pursuant to the Americans With Disabilities Act (ADA). Somerville-Earley may have intended to invoke 42 U.S.C. § 12132, which states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Similarly, 29 U.S.C. § 794 prohibits disability discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

> To state [a] claim under either Title II of the ADA or § 504, a plaintiff must establish three elements: "(1) that [s]he is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, activities, or otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability."

*Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1322 (11th Cir. 2021) (citations omitted).

Somerville-Earley alleges she is disabled, she receives Social Security disability benefits, and she suffers from medical conditions that worsen in extreme heat, cold, and poor ventilation. (Doc. 1, at 9). She also alleges Defendants denied her LIHEAP and WAP benefits. However, Somerville-Earley presents no facts that suggest her disability constituted the reason for the denial of benefits, and she does not state non-disabled individuals received more favorable treatment. In fact, her filings suggest her

6

disability status may have warranted more favorable treatment, as LIHEAP and WAP guidelines permit the purchase of window air conditioning units only in life-threatening cases and with supporting documentation from a doctor. (*Id.* at 23). The court will permit Somerville-Earley the opportunity to replead her Complaint to state additional facts, if any exists, supporting her allegations that Defendants denied her LIHEAP and WAP benefits because of her disability.

Someville-Earley presents some facts suggesting Defendants may have retaliated against her for complaining about disability discrimination. *See* Doc. 1, at 11 ("I have been gaslit, mocked, screamed at, made fun of, and threatened by multiple employees of the Community Action Association. My complaints of program discrimination have been met by threats to be barred from all provide programs per Luke Laney, Tiesha and Diamond, Carrie Lea programs COO of the Rainsville, AL office."). A plaintiff may state a claim for retaliation under the ADA or the Rehabilitation Act by alleging: "first, that she engaged in statutorily . . . protected expression; second, that she suffered an adverse action; and third, that 'the adverse action was causally related to her protected expression.'" *Palmer v. Elmore Cnty. Bd. of Educ.*, No. 2:21-CV-49-MHT, 2023 WL 1438321, at *2 (M.D. Ala. Feb. 1, 2023) (citing *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004); *Burgos-Stefanelli v. Sec'y, U.S. Dept. of Homeland Sec.*, 410 F. App'x 243, 245 (11th Cir. 2011)). To demonstrate she engaged in statutorily protected expression, "a plaintiff must show that she 'had a good faith, reasonable belief that the

7

employer was engaged in unlawful employment practices.'" *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311-12 (11th Cir. 2002) (citing *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). The plaintiff "'must not only show that [s]he *subjectively* (that is, in good faith) believed that h[er] employer was engaged in unlawful employment practices, but also that he[r] belief was *objectively* reasonable in light of the facts and record presented.'" *Id.* at 1312 (quoting *Little,* 103 F.3d at 960). Thus, the court advises Somerville-Earley that, to present a viable retaliation claim, her allegations must lead to the viable inference that she held an objectively reasonable belief that Defendants discriminated against her on the basis of her disability.

As to Somerville-Earley's equal protection claim, the Equal Protection Clause provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause's protection extends to the government's provision of benefits. *See Kennamer v. City of Guntersville, Alabama*, No. 4:24-CV-647-RDP, 2024 WL 4592362, at *16 (N.D. Ala. Oct. 28, 2024) (citing *Adarand Constructors, Inc. v.* Pena, 515 U.S. 200, 223 (1995)) ("Among other things, the Equal Protection Clause restricts how governments may discriminate between parties when awarding a government benefit.").

Regardless whether Somerville-Earley pursues a class-based discrimination claim or a "class of one" theory of Equal Protection, she must allege that she received less favorable treatment than other similarly situated persons. *See Griffin Indus., Inc. v. Irvin*,

8

496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 563-65 (2000)) (A "'class of one' claim involves a plaintiff who 'alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006) (citations omitted) (An Equal Protection plaintiff must establish "that (1) he is similarly situated to other [individuals] who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis."); *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1045 (11th Cir. 2008) (citing *Griffin Indus.,* 496 F.3d at 1204-05) ("[A] plaintiff must satisfy the 'similarly situated' prong of this test, whether or not its discrimination claim is based on a suspect classification.").

Somerville-Earley alleges only that Defendants denied her assistance under the LIHEAP and WAP programs. She does not assert that any other individual or class of individuals received more favorable treatment, and she does not attempt to demonstrate she is similarly situated to other individuals. Those failures would prove fatal to her Equal Protection claim, as courts must "apply the similarly situated requirement 'with rigor.'" *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1233 (11th Cir. 2022) (quoting *Griffin Indus.*, 496 F.3d at 1207); *see also Griffin Indus.*, 496 F.3d at 1205 (citation omitted) ("A 'class of one' plaintiff might fail to

9

state a claim by omitting key factual details in alleging that it is 'similarly situated' to another.").[2]

General allegations that Defendants treated all individuals who received HVAC assistance from the LIHEAP or WAP programs more favorably than it treated her will not satisfy the pleading standard. *See Kessler v. City of Key W.*, No. 21-11069, 2022 WL 590892, at *4 (11th Cir. Feb. 28, 2022) (quoting *Griffin Indus.*, 496 F.3d at 1201) (Plaintiffs did not satisfy the pleading standard by comparing themselves to other leaseholders at the marina who did not have their leases terminated, as "'plaintiffs are not permitted simply to rely on broad generalities in identifying a comparator.'"); *Gainsburg v. Fla. Bar*, No. 23-CV-61877, 2024 WL 2976742, at *15 (S.D. Fla. June 13, 2024) (allegation that defendant "has granted all petitions for retirement, for members of [the Florida Bar], in similar circumstances," did not satisfy the pleading standard); *Rogers v. Cnty.*, No. 5:22-CV-237-TKW-MJF, 2023 WL 3102618, at *7 (N.D. Fla. Apr. 26, 2023), *aff'd sub nom. Rogers v. Jackson Cnty. Fla.*, No. 23-11732, 2024 WL 1328900 (11th Cir. Mar. 28, 2024), *cert. denied sub nom. Rogers v. Jackson Cnty., FL*, No. 24-285, 2024 WL 4743101 (U.S. Nov.

---

[2] In addition, the Community Action Association of Alabama (CAAA) and its employees may not constitute entities or individuals acting "under color of state law," which a claim for violation of constitutional rights requires. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (cleaned up). Somerville-Earley's Complaint states that a CAAA representative informed her the agency operated as a non-profit entity and a charity. If CAAA does not constitute a state agency or an entity acting under color of state law, Somerville-Earley cannot maintain an equal protection claim against it or its employees.

12, 2024) ("[T]he Eleventh Circuit applies the similarly situated requirement 'with rigor' even at the motion to dismiss stage, and it has routinely affirmed the dismissal of complaints that fail to substantiate the factual similarities between the plaintiff and alleged comparator."); *Woodruff v. Wilson*, 484 F. Supp. 2d 876, 935 (S.D. Ind. 2007), *aff'd sub nom. Woodruff v. Mason*, 542 F.3d 545 (7th Cir. 2008) ("The problem with Legacy's argument is that it claims that it was discriminated against, but its only comparator is itself. The Court is not aware of any case in which a 'class of one' claim has been allowed to proceed on that basis.").

Due to her *pro se* status, the court will permit Somerville-Earley the opportunity to replead her Complaint to state additional facts, if any exists, supporting her allegations that Defendants treated her unequally in violation of the Fourteenth Amendment.

In accordance with the foregoing discussion, the court **ORDERS** Somerville-Earley to file an Amended Complaint within fourteen (14) days of the date of this order.

**DONE** and **ORDERED** this 20th day of November, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE